```
 1  KAREN P. HEWITT
    United States Attorney
 2  PAUL S. COOK
    Assistant U. S. Attorney
 3  California Bar No. 79010
    Federal Office Building
 4  880 Front Street, Room 6293
    San Diego, California 92101-8893
 5  Telephone: (619) 557-5687
    pcook@usdoj.gov
 6

 7  Attorneys for the United States of America

 8
                         UNITED STATES DISTRICT COURT
 9
                       SOUTHERN DISTRICT OF CALIFORNIA
10
    UNITED STATES OF AMERICA,        )  Criminal Case No.  08CR1184-WQH
11                                   )
                  Plaintiff,         )  DATE: May 19, 2008
12                                   )  TIME: 2:00 p.m.
        v.                           )
13                                   )
    ESTEBAN ARELLANOS-ROJAS,         )
14                                   )  GOVERNMENT'S RESPONSE AND
                                     )  OPPOSITION TO DEFENDANT'S
15                                   )  MOTIONS:
                                     )
16              Defendant.           )  (1)  TO COMPEL DISCOVERY
                                     )  (2)  FOR LEAVE TO FILE FURTHER
17                                   )           MOTIONS
                                     )
18                                   )  TOGETHER WITH STATEMENT OF FACTS,
                                     )  MEMORANDUM OF POINTS AND
19                                   )  AUTHORITIES AND GOVERNMENT'S
                                     )  MOTIONS FOR RECIPROCAL DISCOVERY
20  _____)  AND FINGERPRINT EXEMPLARS
```

21      The United States of America, by its counsel, Karen P. Hewitt,
22 United States Attorney, and Paul S. Cook, Assistant United States
23 Attorney, hereby responds to and opposes Defendants' above-captioned
24 Motions.  This response and opposition is based upon the files and
25 records of the case, together with the attached statement of facts and
26 memorandum of points and authorities.  The Government also hereby
27 files its motion for reciprocal discovery and fingerprint exemplars.
28

**I**
**STATEMENT OF FACTS**

On Saturday, March 15, 2008, Defendant was arrested, for being under the influence of heroin, by an Imperial County Deputy Sheriff at the intersection of Heber Road and Highway 86 in Heber, California. Defendant was booked into the Imperial County Jail and immigration authorities were notified.

An Immigration Enforcement Agent reviewed records and determined that the Defendant was a Mexican citizen with no legal permission to be in the United States and had been ordered removed from the United States by an Immigration Judge on May 15, 2001. This Order of Removal had subsequently been reinstated six times when the Defendant was found in this country. The most recent removal was February 6, 2004. The Defendant has a December 2000 conviction for First-degree Residential Burglary.

On March 19, 2008, Defendant was turned over to ICE agents, and taken to the Imperial, California ICE office. He was advised of his <u>Miranda</u> rights, signed a waiver of his rights, and voluntarily agreed to speak to agents without an attorney present. Defendant stated that he is a Mexican citizen, born in Mexicali, Mexico. He stated that he had no legal status to be in the United States and had last crossed the international border by walking through the mountains. He acknowledged that he was previously removed from the United States and had not applied for permission to re-enter the country. Although he knew it was illegal to re-enter the country, he was going to be with his daughter.

1  Defendant was also advised of his right to speak to a Mexican
2  Consular official, and declined to exercise that right.

### II
### THE GOVERNMENT HAS AND WILL CONTINUE TO COMPLY WITH ITS DISCOVERY OBLIGATIONS

The United States is aware of its discovery obligations, and will continue to comply with its obligations under Brady v. Maryland, 373 U.S. 83 (1963), the Jencks Act (18 U.S.C. §3500) and Rule 16 of the Federal Rules of Criminal Procedure. and will continue to comply with all discovery rules.  The United States has provided Defendants with 70 pages of discovery including: the arrest reports, the Defendant's criminal history; a CD of Defendant's interview; and immigration documents relevant to his deportations.  Regarding some of the specific requests made by the Defendant which are not covered by the above acknowledgment, the United States responds as follows:

1. Rule 404(b) Evidence

The United States hereby provides Defendant with notice of its intent to present evidence pursuant to Rule 404(b).  The Government intends to use one or more of the Defendant's six prior apprehensions for Illegal Entry or Deported Alien found in the United States (as mentioned above), and any statements he made regarding his citizenship and right to be in the United States. The Government will provide arrest reports and other court documents relevant to Defendant's prior arrests.

2. Evidence Seized and Tangible Objects

No items of evidentiary value were seized from the Defendant. The Government will provide copies of or an opportunity to inspect all

documents, and tangible things material to the defense, intended for use in the Government's case in chief.

    3. <u>Criminal Investigation of Any Government Witnesses</u>

The Government is unaware of any criminal involvement by any prospective government witness, or that any witness is under investigation. Although the Government will provide conviction records, if any, which could be used to impeach a witness, the Government is under no obligation to turn over the criminal records of all witnesses. <u>United States v. Taylor</u>, 542 F.2d 1023, 1026 (8th Cir. 1976). When disclosure need only extend to witnesses the Government intends to call in its case-in-chief. <u>United States v. Gering</u>, 716 F.2d 615, 621 (9th Cir. 1983); <u>United States v. Angelini</u>, 607 F.2d 1305, 1309 (9th Cir. 1979).

The Government will turn over evidence within its possession which could be used to properly impeach a witness who has been called to testify. Defendant is not entitled, however, to any and all evidence that a prospective witness is under investigation by federal, state or local authorities for misconduct.

    4. <u>Bias, Motive to Lie and Impeachment Evidence Of Prospective Witnesses</u>

The Government is unaware that any information demonstrating that a witness is biased against Defendant or has a motive to lie. As noted above, the Government will comply with its obligations under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) and <u>Giglio v. United States</u>, 405 U.S. 150 (1972).

5.   Evidence Affecting Perception, Recollection,
     <u>Ability to Communicate, or Truth Telling</u>

The Government is unaware of any witness with perception, recollection, communication, or veracity problems.

6.   <u>List and Addresses of Witnesses</u>

The Government has provided Defendant with the investigative reports relating to this crime.  These reports include the names of the law enforcement personnel, eye witnesses and other people interviewed as part of the follow-up investigation.  The Government will provide Defendant with a list of all witnesses which it intends to call in its case-in-chief at the time the Government's trial memorandum is filed, although delivery of such  list is not required.  <u>See</u> <u>United States v. Dischner</u>, 960 F.2d 870 (9th Cir. 1992); <u>United States v. Culter</u>, 806 F.2d 933, 936 (9th Cir. 1986); <u>United States v. Mills</u>, 810 F.2d 907, 910 (9th Cir. 1987).  Defendant, however, is not entitled to the production of addresses or phone numbers of possible Government witnesses.  <u>See</u> <u>United States v. Hicks</u>, 103 F.3d 837, 841 (9th Cir. 1996)("A district court that orders the Government and the defendant to exchange witness lists and summaries of anticipated witness testimony in advance of trial has exceeded its authority under Rule 16 of the Federal Rules of Criminal Procedure and has committed error."); <u>United States v. Thompson</u>, 493 F.2d 305, 309 (9th Cir.1977).

Federal Rule of Criminal Procedure 16 does not require the government (or the defense) to disclose the names and addresses of witnesses pretrial.  Indeed, the Advisory Committee Notes reflect that the Committee rejected a proposal that would have required the parties

to exchange the names and addresses of their witnesses three days before trial:

> The House version of the bill provides that each party, the government and the defendant, may discover the names and addresses of the other party's witnesses 3 days before trial. The Senate version of the bill eliminates these provisions, thereby making the names and addresses of a party's witnesses nondiscoverable. The Senate version also makes a conforming change in Rule 16(d)(1). The Conference adopts the Senate version.
>
> <u>A majority of the Conferees believe it is not in the interest of the effective administration of criminal justice to require that the government or the defendant be forced to reveal the names and addresses of its witnesses before trial.</u> Discouragement of witnesses and improper contact directed at influencing their testimony, were deemed paramount concerns in the formulation of this policy.

<u>United States v. Napue</u>, 834 F.2d 1311, 1317-19 (7th Cir. 1987) (quoting Rule 16 advisory committee notes) (emphasis added). The Government will not disclose the names of witnesses it will not call at trial.

7.   <u>Expert Witnesses</u>

The Government will timely notify Defendant of its expert witnesses, such as a fingerprint expert, and will comply with Fed. R. Crim. P. 16(a)(1)(G).

8.   <u>Personnel Records, *Henthorn* and *Giglio* Evidence</u>

The United States will comply with <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991) by requesting that all federal agencies involved in the criminal investigation and prosecution review the personnel files of the federal law enforcement inspectors, officers, and special agents whom the United States intends to call at trial and disclose information favorable to the defense that meets the appropriate standard of materiality. <u>See</u> <u>United States v. Booth</u>, 309

1  F.3d 566, 574 (9th Cir. 2002) (<u>citing</u> <u>United States v. Jennings</u>, 960
2  F.2d 1488, 1489 (9th Cir. 1992)).  If the materiality of incriminating
3  information in the personnel files is in doubt, the information will
4  be submitted to the Court for an <u>in</u> <u>camera</u> inspection and review.

5     Defendant's request that the specific prosecutor in this case
6  review the personnel files is unwarranted and unnecessary. <u>Henthorn</u>
7  expressly provides that it is the "government," not the prosecutor,
8  which must review the personnel files.   <u>Henthorn</u>, 931 F.2d at 30- 31.
9  Accordingly, the United States will utilize its typical practice for
10 review of these files, which involves requesting designated
11 representatives of the relevant agencies to conduct the reviews.  The
12 United States opposes the request for an order that the prosecutor
13 personally review the personnel files.

14    Defendant has not cited any Federal authority that requires the
15 United States to produce complaints or internal affairs documents.
16 The <u>Pitchess</u> case is inapplicable in federal court, and the United
17 States will be controlled by the obligations imposed by <u>Henthorn</u>.
18 Moreover, <u>Pitchess v. Superior Court</u>, 11 Cal.3d 531, 539 (1974) has
19 been superceded by statute.  <u>See</u> <u>Fagan v. Superior Court</u>, 111 Cal.
20 App.4th 607 (2003).  <u>Pitchess</u> involved a criminal case in which a
21 defendant who claimed to have acted in self-defense sought evidence
22 as to the police officers' use of force on previous occasions.
23 <u>Pitchess</u>, 11 Cal. 3d at 534, 535.  <u>Pitchess</u> is simply inapplicable to
24 Defendant's case.

25    The United States will comply with its obligations to disclose
26 impeachment evidence, if any, under <u>Giglio v. United States</u>, 405 U.S.
27 150 (1972).

28                                   7                        08cr1184-WQH

9. <u>A-File and Deportation Tape</u>

The United States objects to Defendant's request to inspect the entire Alien Registration File ("A-File") associated with Defendant, since the A-File is not Rule 16 discoverable information. The Government has produced and will continue to produce relevant immigration documents from the Defendant's A-File. However, the A-File also contains information that is not discoverable, such as internal government documents and witness statements. (See Fed. R. Crim. P. 16(a)(2)). The United States will produce documents it intends to use in its case-in-chief. A fishing expedition through the A-file is not warranted. Evidence is material under <u>Brady</u> only if there is a reasonable probability that had it been disclosed to the defense, the result of the proceeding would have been different. See <u>United States v. Antonakeas</u>, 255 F.3d 714, 725 (9th Cir. 2001). Defendant has not specified which documents in the A-File are material, and to which he is entitled.

### III
### LEAVE TO FILE FURTHER MOTIONS

The Government has no objection to this motion.

### IV
### THE GOVERNMENT'S MOTION FOR RECIPROCAL DISCOVERY SHOULD BE GRANTED

The discovery provided to Defendants, at their request, includes documents and objects which are discoverable under Rule 16(a)(1)(E). Consequently, the Government is entitled to discover from the defendant any books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items that are in Defendant's possession, custody or control and which

Defendant intends to use in the Defendant's case-in-chief. See Rule 16(b)(1)(A), Fed. R. Crim. P..

Fed. R. Crim. P. 26.2 requires the production of prior statements of all witnesses, except Defendants'. The new rule thus provides for the reciprocal production of Jencks statements. The time frame established by the rule requires the statement to be provided after the witness has testified, as in the Jencks Act. Therefore, the United States hereby requests that Defendants be ordered to supply all prior statements of defense witnesses by a reasonable date before trial to be set by the Court. This order should include any form these statements are memorialized in, including but not limited to, tape recordings, handwritten or typed notes or reports.

## V
## MOTION FOR FINGERPRINT EXEMPLARS

The United States requests that the Court order that Defendant make himself available for fingerprinting by the United States' fingerprint expert. See United States v. Ortiz-Hernandez, 427 F.3d 567, 576-77 (9th Cir. 2005) (Government may have defendant fingerprinted and use criminal and immigration records in Section 1326 prosecution). Defendant's fingerprints are not testimonial evidence. See Schmerber v. California, 384 U.S. 757 (1966). Using identifying physical characteristics, such as fingerprints, does not violate Defendant's Fifth Amendment right against self-incrimination. United States v. DePalma, 414 F.2d 394, 397 (9th Cir. 1969); see also United States v. St. Onge, 676 F. Supp. 1041, 1043 (D. Mont. 1987).

**VI**
**CONCLUSION**

For the above stated reasons, the Government respectfully requests that the Defendant's motions be denied, except where unopposed, and the Government's motion for reciprocal discovery and fingerprint exemplars be granted.

Date: May 12, 2008.

                Respectfully submitted,

                KAREN P. HEWITT
                United States Attorney

                s/Paul S. Cook
                PAUL S. COOK
                Assistant United States Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 08cr1184-WQH |
| Plaintiff, | ) | |
| v. | ) | CERTIFICATE OF SERVICE |
| ESTEBAN ARELLANOS-ROJAS, | ) | |
| Defendant. | ) | |

IT IS HEREBY CERTIFIED THAT:

I, Paul S. Cook, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of Government's Response and Opposition to Defendant's Motions on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1.  Julie A. Blair

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 12, 2008.

                                          s/Paul S. Cook

                                          PAUL S. COOK