KAREN P. HEWITT
United States Attorney
PAUL S. COOK
Assistant U. S. Attorney
California Bar No. 79010
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-5687
pcook@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>        v.<br><br>ESTEBAN ARELLANOS-ROJAS,<br><br><br><br>                    Defendant. | Criminal Case No.  08CR1184-WQH<br><br>DATE: May 19, 2008<br>TIME: 2:00 p.m.<br><br><br>GOVERNMENT'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS:<br><br>(1)  TO COMPEL DISCOVERY<br>(2)  FOR LEAVE TO FILE FURTHER<br>            MOTIONS<br><br>TOGETHER WITH STATEMENT OF FACTS, MEMORANDUM OF POINTS AND AUTHORITIES AND GOVERNMENT'S MOTIONS FOR RECIPROCAL DISCOVERY AND FINGERPRINT EXEMPLARS |

The United States of America, by its counsel, Karen P. Hewitt, United States Attorney, and Paul S. Cook, Assistant United States Attorney, hereby responds to and opposes Defendants' above-captioned Motions.  This response and opposition is based upon the files and records of the case, together with the attached statement of facts and memorandum of points and authorities.  The Government also hereby files its motion for reciprocal discovery and fingerprint exemplars.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# I
## STATEMENT OF FACTS

On Saturday, March 15, 2008, Defendant was arrested, for being under the influence of heroin, by an Imperial County Deputy Sheriff at the intersection of Heber Road and Highway 86 in Heber, California. Defendant was booked into the Imperial County Jail and immigration authorities were notified.

An Immigration Enforcement Agent reviewed records and determined that the Defendant was a Mexican citizen with no legal permission to be in the United States and had been ordered removed from the United States by an Immigration Judge on May 15, 2001. This Order of Removal had subsequently been reinstated six times when the Defendant was found in this country. The most recent removal was February 6, 2004. The Defendant has a December 2000 conviction for First-degree Residential Burglary.

On March 19, 2008, Defendant was turned over to ICE agents, and taken to the Imperial, California ICE office. He was advised of his Miranda rights, signed a waiver of his rights, and voluntarily agreed to speak to agents without an attorney present. Defendant stated that he is a Mexican citizen, born in Mexicali, Mexico. He stated that he had no legal status to be in the United States and had last crossed the international border by walking through the mountains. He acknowledged that he was previously removed from the United States and had not applied for permission to re-enter the country. Although he knew it was illegal to re-enter the country, he was going to be with his daughter.

2

Defendant was also advised of his right to speak to a Mexican Consular official, and declined to exercise that right.

## II
## THE GOVERNMENT HAS AND WILL CONTINUE TO COMPLY WITH ITS DISCOVERY OBLIGATIONS

The United States is aware of its discovery obligations, and will continue to comply with its obligations under Brady v. Maryland, 373 U.S. 83 (1963), the Jencks Act (18 U.S.C. §3500) and Rule 16 of the Federal Rules of Criminal Procedure. and will continue to comply with all discovery rules.  The United States has provided Defendants with 70 pages of discovery including: the arrest reports, the Defendant's criminal history; a CD of Defendant's interview; and immigration documents relevant to his deportations.  Regarding some of the specific requests made by the Defendant which are not covered by the above acknowledgment, the United States responds as follows:

1.  Rule 404(b) Evidence

The United States hereby provides Defendant with notice of its intent to present evidence pursuant to Rule 404(b).  The Government intends to use one or more of the Defendant's six prior apprehensions for Illegal Entry or Deported Alien found in the United States (as mentioned above), and any statements he made regarding his citizenship and right to be in the United States. The Government will provide arrest reports and other court documents relevant to Defendant's prior arrests.

2.  Evidence Seized and Tangible Objects

No items of evidentiary value were seized from the Defendant. The Government will provide copies of or an opportunity to inspect all

3

1    documents, and tangible things material to the defense, intended for

2    use in the Government's case in chief.

3        3.    <u>Criminal Investigation of Any Government Witnesses</u>

4        The Government is unaware of any criminal involvement by any

5    prospective government witness, or that any witness is under

6    investigation. Although the Government will provide conviction

7    records, if any, which could be used to impeach a witness, the

8    Government is under no obligation to turn over the criminal records

9    of all witnesses. <u>United States v. Taylor</u>, 542 F.2d 1023, 1026 (8th

10   Cir. 1976). When disclosure need only extend to witnesses the

11   Government intends to call in its case-in-chief. <u>United States v.</u>

12   <u>Gering</u>, 716 F.2d 615, 621 (9th Cir. 1983); <u>United States v. Angelini</u>,

13   607 F.2d 1305, 1309 (9th Cir. 1979).

14       The Government will turn over evidence within its possession

15   which could be used to properly impeach a witness who has been called

16   to testify. Defendant is not entitled, however, to any and all

17   evidence that a prospective witness is under investigation by federal,

18   state or local authorities for misconduct.

19       4.    <u>Bias, Motive to Lie and Impeachment Evidence Of Prospective</u>
         <u>Witnesses</u>

20       The Government is unaware that any information demonstrating that

21   a witness is biased against Defendant or has a motive to lie. As

22   noted above, the Government will comply with its obligations under

23   <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) and <u>Giglio v. United States</u>,

24   405 U.S. 150 (1972).

25

26

27

28                              4                          08cr1184-WQH

5.    Evidence Affecting Perception, Recollection,
      <u>Ability to Communicate, or Truth Telling</u>

The Government is unaware of any witness with perception, recollection, communication, or veracity problems.

6.    <u>List and Addresses of Witnesses</u>

The Government has provided Defendant with the investigative reports relating to this crime.    These reports include the names of the law enforcement personnel, eye witnesses and other people interviewed as part of the follow-up investigation.    The Government will provide Defendant with a list of all witnesses which it intends to call in its case-in-chief at the time the Government's trial memorandum is filed, although delivery of such list is not required. <u>See</u> <u>United States v. Dischner</u>, 960 F.2d 870 (9th Cir. 1992); <u>United States v. Culter</u>, 806 F.2d 933, 936 (9th Cir. 1986); <u>United States v. Mills</u>, 810 F.2d 907, 910 (9th Cir. 1987).    Defendant, however, is not entitled to the production of addresses or phone numbers of possible Government witnesses.    <u>See</u> <u>United States v. Hicks</u>, 103 F.3d 837, 841 (9th Cir. 1996)("A district court that orders the Government and the defendant to exchange witness lists and summaries of anticipated witness testimony in advance of trial has exceeded its authority under Rule 16 of the Federal Rules of Criminal Procedure and has committed error."); <u>United States v. Thompson</u>, 493 F.2d 305, 309 (9th Cir.1977).

Federal Rule of Criminal Procedure 16 does not require the government (or the defense) to disclose the names and addresses of witnesses pretrial.    Indeed, the Advisory Committee Notes reflect that the Committee rejected a proposal that would have required the parties

08cr1184-WQH

to exchange the names and addresses of their witnesses three days

before trial:

> The House version of the bill provides that each party, the
> government and the defendant, may discover the names and
> addresses of the other party's witnesses 3 days before
> trial. The Senate version of the bill eliminates these
> provisions, thereby making the names and addresses of a
> party's witnesses nondiscoverable. The Senate version also
> makes a conforming change in Rule 16(d)(1). The Conference
> adopts the Senate version.
>
> <u>A majority of the Conferees believe it is not in the
> interest of the effective administration of criminal
> justice to require that the government or the defendant be
> forced to reveal the names and addresses of its witnesses
> before trial.</u> Discouragement of witnesses and improper
> contact directed at influencing their testimony, were
> deemed paramount concerns in the formulation of this
> policy.

<u>United States v. Napue</u>, 834 F.2d 1311, 1317-19 (7th Cir. 1987)

(quoting Rule 16 advisory committee notes) (emphasis added).

The Government will not disclose the names of witnesses it will not

call at trial.

      7.   <u>Expert Witnesses</u>

     The Government will timely notify Defendant of its expert

witnesses, such as a fingerprint expert, and will comply with Fed. R.

Crim. P. 16(a)(1)(G).

      8.   <u>Personnel Records, *Henthorn* and *Giglio* Evidence</u>

     The United States will comply with <u>United States v. Henthorn</u>, 931

F.2d 29 (9th Cir. 1991) by requesting that all federal agencies

involved in the criminal investigation and prosecution review the

personnel files of the federal law enforcement inspectors, officers,

and special agents whom the United States intends to call at trial and

disclose information favorable to the defense that meets the

appropriate standard of materiality. See <u>United States v. Booth</u>, 309

1  F.3d 566, 574 (9th Cir. 2002) (<u>citing</u> <u>United States v. Jennings</u>, 960

2  F.2d 1488, 1489 (9th Cir. 1992)).  If the materiality of incriminating

3  information in the personnel files is in doubt, the information will

4  be submitted to the Court for an <u>in</u> <u>camera</u> inspection and review.

5      Defendant's request that the specific prosecutor in this case

6  review the personnel files is unwarranted and unnecessary.  <u>Henthorn</u>

7  expressly provides that it is the "government," not the prosecutor,

8  which must review the personnel files.   <u>Henthorn</u>, 931 F.2d at 30- 31.

9  Accordingly, the United States will utilize its typical practice for

10  review   of   these   files,   which   involves   requesting   designated

11  representatives of the relevant agencies to conduct the reviews.  The

12  United States opposes the request for an order that the prosecutor

13  personally review the personnel files.

14      Defendant has not cited any Federal authority that requires the

15  United States to produce complaints or internal affairs documents.

16  The <u>Pitchess</u> case is inapplicable in federal court, and the United

17  States will be controlled by the obligations imposed by <u>Henthorn</u>.

18  Moreover, <u>Pitchess v.  Superior Court</u>, 11 Cal.3d 531, 539 (1974) has

19  been superceded by statute.   <u>See</u> <u>Fagan v. Superior Court</u>, 111 Cal.

20  App.4th 607 (2003).   <u>Pitchess</u> involved a criminal case in which a

21  defendant who claimed to have acted in self-defense sought evidence

22  as  to  the  police  officers'  use  of  force  on  previous  occasions.

23  <u>Pitchess</u>, 11 Cal. 3d at 534, 535.   <u>Pitchess</u> is simply inapplicable to

24  Defendant's case.

25      The United States will comply with its obligations to disclose

26  impeachment evidence, if any, under <u>Giglio v. United States</u>, 405 U.S.

27  150 (1972).

28                          7                          08cr1184-WQH

1    9.    A-File and Deportation Tape

2        The United States objects to Defendant's request to inspect the

3    entire Alien Registration File ("A-File") associated with Defendant,

4    since the A-File is not Rule 16 discoverable information.    The

5    Government has produced and will continue to produce relevant

6    immigration documents from the Defendant's A-File.    However, the A-

7    File also contains information that is not discoverable, such as

8    internal government documents and witness statements.    (See Fed. R.

9    Crim. P. 16(a)(2)).    The United States will produce documents it

10   intends to use in its case-in-chief.    A fishing expedition through the

11   A-file is not warranted.    Evidence is material under Brady only if

12   there is a reasonable probability that had it been disclosed to the

13   defense, the result of the proceeding would have been different.    See

14   United States v. Antonakeas, 255 F.3d 714, 725 (9th Cir. 2001).

15   Defendant has not specified which documents in the A-File are

16   material, and to which he is entitled.

17                                  **III**
                      **LEAVE TO FILE FURTHER MOTIONS**
18

19       The Government has no objection to this motion.

20                                  **IV**
                  **THE GOVERNMENT'S MOTION FOR RECIPROCAL**
                     **DISCOVERY SHOULD BE GRANTED**
21

22       The discovery provided to Defendants, at their request, includes

23   documents and objects which are discoverable under Rule 16(a)(1)(E).

24   Consequently, the Government is entitled to discover from the

25   defendant any books, papers, documents, data, photographs, tangible

26   objects, buildings or places, or copies or portions of any of these

27   items that are in Defendant's possession, custody or control and which

28                                  8                              08cr1184-WQH

Defendant intends to use in the Defendant's case-in-chief.  <u>See</u> Rule 16(b)(1)(A), Fed. R. Crim. P..

Fed. R. Crim. P. 26.2 requires the production of prior statements of all witnesses, except Defendants'.  The new rule thus provides for the reciprocal production of Jencks statements.  The time frame established by the rule requires the statement to be provided after the witness has testified, as in the Jencks Act.  Therefore, the United States hereby requests that Defendants be ordered to supply all prior statements of defense witnesses by a reasonable date before trial to be set by the Court.  This order should include any form these statements are memorialized in, including but not limited to, tape recordings, handwritten or typed notes or reports.

**V**
**MOTION FOR FINGERPRINT EXEMPLARS**

The United States requests that the Court order that Defendant make himself available for fingerprinting by the United States' fingerprint expert.  <u>See</u> <u>United States v. Ortiz-Hernandez</u>, 427 F.3d 567, 576-77 (9th Cir. 2005) (Government may have defendant fingerprinted and use criminal and immigration records in Section 1326 prosecution).  Defendant's fingerprints are not testimonial evidence. <u>See</u> <u>Schmerber v. California</u>, 384 U.S. 757 (1966).  Using identifying physical characteristics, such as fingerprints, does not violate Defendant's Fifth Amendment right against self-incrimination.  <u>United States v. DePalma</u>, 414 F.2d 394, 397 (9th Cir. 1969); <u>see also</u> <u>United States v. St. Onge</u>, 676 F. Supp. 1041, 1043 (D. Mont. 1987).

08cr1184-WQH

VI
**CONCLUSION**

For the above stated reasons, the Government respectfully requests that the Defendant's motions be denied, except where unopposed, and the Government's motion for reciprocal discovery and fingerprint exemplars be granted.

Date: May 12, 2008.

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

s/Paul S. Cook
PAUL S. COOK
Assistant United States Attorney

10                                          08cr1184-WQH

1        UNITED STATES DISTRICT COURT

2        SOUTHERN DISTRICT OF CALIFORNIA

3  UNITED STATES OF AMERICA,    )    Case No. 08cr1184-WQH
                                )
4              Plaintiff,       )
                                )
5         v.                    )
                                )    CERTIFICATE OF SERVICE
6  ESTEBAN ARELLANOS-ROJAS,     )
                                )
7              Defendant.       )
   _____)

8

9        IT IS HEREBY CERTIFIED THAT:

10

11       I, Paul S. Cook, am a citizen of the United States and am at

12  least eighteen years of age.  My business address is 880 Front Street,

13  Room 6293, San Diego, California 92101-8893.

14       I am not a party to the above-entitled action.  I have caused

15  service of Government's Response and Opposition to Defendant's Motions

16  on the following party by electronically filing the foregoing with the

17  Clerk of the District Court using its ECF System, which electronically

18  notifies them.

19       1.   Julie A. Blair

20          I declare under penalty of perjury that the foregoing is

21  true and correct.

22       Executed on May 12, 2008.

23

24                         s/Paul S. Cook

25                         PAUL S. COOK

26

27

28                              11                        08cr1184-WQH